**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:                July 27, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Sergio Garza

**Criminal Action No.  10-cr-00221-REB**

<u>Parties</u>:                              <u>Counsel</u>:

UNITED STATES OF AMERICA,                 Linda Kaufman

    Plaintiff,

v.

3.  KATRINA Y. ROBERTS,                   David Owen

    Defendant.

**SENTENCING MINUTES**

**1:43 p.m.     Court in session.**

Appearances of counsel.

Defendant is present on bond.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Court addresses the stipulation of the parties regarding the amount of restitution.

Counsel for the government confirms that counsel has read the presentence report and

addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant is sworn.

Statement by the defendant.

Statement by defendant's employer, Michael Oboley.

Statement by counsel for the government.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);

- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

**IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That **Defendant Katrina Y. Robert's Motion for a Sentence Outside the Advisory Sentencing Guideline Range Based Upon the Factors Set Forth in Title 18 U.S.C. § 3553(a)** [#454] filed July 13, 2012, is **GRANTED IN PART** and **DENIED IN PART** consistent with the foregoing findings and conclusions and the following orders;

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Counts 1 and 4 of the Indictment;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **twenty (20) months** on each of Counts 1 and 4, to be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three (3) years** on each of Counts 1 and 4, to be served concurrently;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that at defendant's expense, the defendant shall, unless then indigent, undergo a mental health evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

- that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer; provided furthermore, that, as directed by her probation officer, the defendant shall apply any monies received from income tax refunds, lottery winnings, inheritances, devises, judgments, and any other anticipated or unanticipated or unexpected financial gains to her outstanding obligation to pay restitution in this case;

- that any employment for the defendant shall be approved in advance by her supervising probation officer;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $200.00;

9. That the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

12. That the defendant shall pay restitution for the benefit of the victims identified in the PSR, payable to the care of the Clerk of the Court in full, in the amount of $1,214,793.06, to be paid by her jointly and severally with any other co-defendant convicted, to be paid in installments of not less than ten (10) percent of her monthly gross income as determined periodically by her probation officer; provided furthermore that payment of restitution shall commence subsequent to imprisonment and during the term of supervised release; provided that interest on restitution is waived;

13. That the defendant shall voluntarily surrender and report, at defendant's expense to the institution designated by the Bureau of Prisons by 12:00 p.m. (noon) within fifteen (15) days of the date of designation; provided furthermore, that this requirement shall be addressed by the court in a separate order issued upon the designation of the Bureau of Prisons.

Parties state they have no objections to the sentences imposed.

The defendant is advised of the right to appeal the sentences imposed by the court.

Ms. Kaufman orally moves to dismiss Counts 2, 3, 5, 6, and 7 of the Indictment as to this defendant only.

Mr. Owen makes a Bureau of Prisons placement request.

> **IT IS FURTHER ORDERED** as follows:
>
> 14. That the government's oral motion to dismiss Counts 2, 3, 5, 6, and 7 of the Indictment as to this defendant only is **GRANTED**; and
>
> 15. That this court recommends that the Bureau of Prisons designate the defendant to a medical facility for women within the Bureau of Prisons, but not FCI Carswell, Texas.

**3:04 p.m.      Court in recess.**

Total time in court:   01:21

Hearing concluded.